ROBERT T. SULLWOLD (SBN 88139)
JAMES A. HUGHES (SBN 88380)
SULLWOLD & HUGHES
235 Montgomery Street, Suite 730
San Francisco, CA 94104
(415) 263-1850
(415) 989-9798 FAX

DEBORAH K. MILLER (SBN 95527)
JEFF S. ROSS (SBN 138172)
ORACLE CORPORATION
500 Oracle Parkway, 7th Floor
Redwood Shores, CA 94065
(650) 506-5200
(650) 506-7114 FAX

Attorneys for Plaintiff
ORACLE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., a Colorado Corporation,<br><br>Plaintiff<br><br>v.<br><br>XL GLOBAL SERVICES, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: CV 09-0537 EMC<br><br>COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; BOOK ACCOUNT; QUANTUM MERUIT; PROMISSORY FRAUD; AND PROMISSORY ESTOPPEL |

Plaintiff Oracle USA, Inc. ("Oracle") alleges:

## NATURE OF THE ACTION

1. Oracle brings this diversity action to collect the amounts that Defendant XL Global Services, Inc. ("XL Global") owes to Oracle pursuant to written agreements between the parties for consulting services.

1

## PARTIES

2. Oracle is and at all times herein mentioned was a corporation organized under the laws of the State of Colorado, with its principal place of business in Redwood Shores, California. Oracle is qualified to do business and is doing business in California.

3. Oracle is informed and believes, and on that ground alleges, that XL Global is and at all times herein mentioned was a corporation organized under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut. Oracle is informed and believes, and on that ground alleges, that XL Global is qualified to do business and is doing business in California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this dispute under 28 U.S. Code §1332, in that the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

5. Venue is appropriate in this District pursuant to a forum selection provision contained in contracts between the parties. See paragraph 14, *infra*.

## INTRADISTRICT ASSIGNMENT

6. The parties have agreed that San Francisco is an appropriate venue for this matter. See paragraph 14, *infra*. Accordingly, this action is properly assigned to the San Francisco Division of the Court.

## FACTUAL ALLEGATIONS

7. Oracle is the world's leading supplier of information management software. Oracle also provides, among other things, consulting services relating to the implementation and use of its software.

8. Oracle is informed and believes, and on that ground alleges, that XL Global is part of the XL Capital Ltd. group of companies and provides shared services functions such as Information Technology support to the XL Capital companies, which are a leading provider of insurance and reinsurance products throughout the world.

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; BOOK ACCOUNT; QUANTUM MERUIT; PROMISSORY FRAUD; AND PROMISSORY ESTOPPEL

9. XL Global and Oracle executed an Ordering Document with an effective date of September 30, 2007, which incorporated by reference an Oracle License and Services Agreement ("OLSA") dated December 26, 2006. A true and correct copy of the September 2007 Ordering Document is attached as Exhibit 1 and a true and correct copy of the OLSA is attached hereto as Exhibit 2. Pursuant to the agreement established by these documents (the "First Consulting Agreement"), XL Global ordered from Oracle, and agreed to pay for, functional and technical consulting services with respect to Oracle Business Intelligence Suite Enterprise Edition ("OBIEE") software XL Global previously acquired from Oracle.

10. XL Global and Oracle executed a second Ordering Document with an effective date of February 1, 2008, which was subsequently amended effective March 30, 2008. A true and correct copy of the February 2008 Ordering Document and the amendment thereto is attached as Exhibit 3. The February 2008 Ordering Document also incorporated by reference the December 26 OLSA attached as Exhibit 2. Pursuant to the agreement established by Exhibits 2 and 3 (the "Second Consulting Agreement"), XL Global ordered from Oracle, and agreed to pay for, additional functional and technical consulting services with respect to XL Global's OBIEE software.

11. Oracle provided consulting services to XL Global pursuant to and in accordance with the First Consulting Agreement and Second Consulting Agreement and issued timely invoices to XL Global for all such services. Under the agreements between the parties, all invoices were due and payable within 30 days from invoice date.

12. XL Global has failed and refused, and continues to fail and refuse, to pay the following invoices, outstanding for more than 30 days, totaling $15,827.48 for services Oracle rendered pursuant to the First Consulting Agreement:

| Invoice | Originally Due | Remaining Due | Due Date |
|---------|---------------|---------------|----------|
| 6252639 | $59,714.58 | $8,322.76 | 3/28/08 |
| 6257905 | $946.58 | $946.58 | 5/25/08 |
| 6257906 | $1,494.85 | $1,494.85 | 5/25/08 |
| 6260858 | $2,795.21 | $2,795.21 | 6/27/08 |
| 6263957 | $2,268.08 | $2,268.08 | 8/7/08 |

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; BOOK ACCOUNT; QUANTUM MERUIT; PROMISSORY FRAUD; AND PROMISSORY ESTOPPEL

13. XL Global has failed and refused, and continues to fail and refuse, to pay the following invoices, outstanding for more than 30 days, totaling $528,517.87 for services Oracle rendered pursuant to the Second Consulting Agreement:

| Invoice | Originally Due | Remaining Due | Due Date |
|---|---|---|---|
| 6254066 | 85,174.01 | 69,319.22 | 3/28/08 |
| 6259926 | 178,650.21 | 178,650.21 | 6/12/08 |
| 6261783 | 151,732.16 | 151,732.16 | 6/27/08 |
| 6264059 | 107,289.43 | 107,289.43 | 8/7/08 |
| 6265584 | 17,568.62 | 17,568.62 | 8/24/08 |
| 6267366 | 3,958.23 | 3,958.23 | 9/25/08 |

14. Both the First Consulting Agreement and the Second Consulting Agreement include the following forum selection provision:

> This agreement is governed by the substantive and procedural laws of California and you and Oracle agree to submit to the exclusive jurisdiction of, and venue in, the courts in San Francisco, San Mateo, or Santa Clara counties in California in any dispute arising out of or relating to this agreement.

See Exhibit 2, OLSA at 4, ¶ O.1. The parties thereby agreed to jurisdiction and venue in this Court.

## FIRST COUNT

### (Breach of Contract)

15. Oracle incorporates by this reference paragraphs 1 through 14, inclusive, and realleges such paragraphs as though fully set forth herein.

16. Oracle performed all conditions, obligations, and covenants required of it under the First Consulting Agreement and Second Consulting Agreement or, alternatively, further performance by Oracle was excused as a result of XL Global's nonpayment.

17. XL Global was obligated to pay the amounts of the invoices within 30 days of the date on the invoice.

18. Despite Oracle's demands therefor, XL Global has failed and refused and continues to fail and refuse to pay the amounts due and unpaid under the First Consulting Agreement and Second Consulting Agreement. Such refusal to pay constitutes a breach of contract.

4

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; BOOK ACCOUNT; QUANTUM MERUIT; PROMISSORY FRAUD; AND PROMISSORY ESTOPPEL

19. As a proximate result of XL Global's breach, Oracle has incurred damages of $544,345.35, the total amount due under the consulting agreements alleged herein, plus interest on such amount at the legal rate.

WHEREFORE, Oracle prays judgment as set forth below.

## SECOND COUNT

### (Account Stated)

20. Oracle incorporates by this reference paragraphs 1 through 14, inclusive, and realleges such paragraphs as though fully set forth herein.

21. Within the last four years, XL Global became indebted to Oracle because an account was stated in writing between XL Global and Oracle in which it was agreed that XL Global was indebted to Oracle in the amount $544,345.35.

22. Neither the whole nor any part of the above sum has been paid, although a demand therefor has been made, and there is now due, owing and unpaid the sum of $544,345.35, plus interest thereon.

WHEREFORE, Oracle prays judgment as set forth below.

## THIRD COUNT

### (Book Account)

23. Oracle incorporates by this reference paragraphs 1 through 14, inclusive, and realleges such paragraphs as though fully set forth herein.

24. Within the last four years, XL Global became indebted to Oracle on an open book account for money due for services rendered by Oracle to XL Global at XL Global's request, for which XL Global agreed to pay $544,345.35.

25. Neither the whole nor any part of the above sum has been paid, although a demand therefor has been made, and there is now due, owing and unpaid the sum of $544,345.35, plus interest thereon.

WHEREFORE, Oracle prays judgment as set forth below.

## FOURTH COUNT

### (Quantum Meruit)

26. Oracle incorporates by this reference paragraphs 1 through 14, inclusive, and realleges such paragraphs as though fully set forth herein.

27. From in or about October, 2007 through June, 2008, Oracle performed consulting services for and at the special request of XL Global. XL Global was aware that these services were being provided, accepted the services so provided, and promised to pay the reasonable value thereof.

28. The fair and reasonable value of such services is at least $544,345.35, plus prejudgment interest. Neither the whole nor any part of such sum has been paid, despite Oracle's demand therefor.

WHEREFORE, Oracle prays judgment as set forth below.

## FIFTH COUNT

### (Promissory Fraud)

29. Oracle incorporates by this reference paragraphs 1 through 14, inclusive, and realleges such paragraphs as though fully set forth herein.

30. In several conversations in June, 2008, Wendy Cappola, XL Global's Vice President, Insurance Data Warehouse and the individual who executed the Ordering Documents on behalf of XL Global, discussed the status of the consulting services provided by Oracle with John Hayes, an Oracle Solution Architect. Ms. Cappola and Mr. Hayes addressed XL Global's request that Oracle continue providing services in contemplation of Oracle's transition off the project as of the end of June, 2008. During these discussions, Ms. Cappola promised that XL Global would pay all invoices for consulting services and expenses pursuant to the approved funding in the First Consulting Agreement and Second Consulting Agreement if Oracle provided additional consulting services by Oracle consultants Kevin Campbell and James Poon during the month June, 2008 on a non-billable basis.

31. By email to Mr. Hayes dated June 13, 2008, Ms. Cappola acknowledged in writing her promise that XL Global would pay Oracle for all consulting services and expenses provided within the parties' contractually approved funding, in exchange for free consulting services from Kevin Campbell and James Poon. By reply email the same date, Mr. Hayes confirmed both her promise and

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; BOOK ACCOUNT; QUANTUM MERUIT; PROMISSORY FRAUD; AND PROMISSORY ESTOPPEL

1  Oracle's undertaking to provide free consulting services as agreed between the parties.  A true and
2  correct copy of this email exchange is attached as Exhibit 4.

3        32. Oracle is informed and believes, and on that ground alleges, that XL Global did not
4  intend to perform the promise it made through Ms. Cappola at the time it made such promise, in that XL
5  Global never intended to pay Oracle for all consulting services and expenses provided within the
6  funding approved in the First Consulting Contract and Second Consulting Contract.  XL Global made
7  that promise without any intention to perform in order to induce Oracle to continue to provide consulting
8  services for which XL Global never intended to pay.

9        33. At the time XL Global made the false promise alleged, Oracle was ignorant of the
10  fact that XL Global did not intend to perform its promise.

11        34. Pursuant to the agreement between Ms. Cappola and Mr. Hayes, and in reasonable
12  and justifiable reliance upon Ms. Cappola's promise that XL Global would pay all consulting and
13  expense charges within the contractual project funding, Oracle continued to provide consulting services,
14  including the consulting services by Kevin Campbell and James Poon that Oracle had agreed would be
15  non-billable.  Had Oracle known the true facts, it would not have entered into such agreement with XL
16  Global and would not have continued to provide such consulting services.

17        35. As a proximate result of XL Global's conduct, Oracle sustained damages in an
18  amount to be proved at trial, but in excess of $75,000.

19        36. XL Global made the false promise alleged herein intentionally, maliciously and/or in
20  conscious disregard of the interests of Oracle.  XL Global is thus guilty of oppression, fraud and/or
21  malice, entitling Oracle to an award of exemplary or punitive damages in an amount to be determined at
22  trial.

23        WHEREFORE, Oracle prays judgment as set forth below.

24

## SIXTH COUNT

## BREACH OF CONTRACT

27        37. Oracle incorporates by this reference paragraphs 1 through 14 and 30 through 35,
28  inclusive, and realleges such paragraphs as though fully set forth herein.

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; BOOK ACCOUNT; QUANTUM MERUIT; PROMISSORY FRAUD; AND PROMISSORY ESTOPPEL

38. Oracle and XL Global, through Ms. Cappola and Mr. Hayes, entered into a contract in addition to and independent of the First Consulting Agreement and Second Consulting Agreement. Pursuant to the terms of such contract, Oracle agreed to continue to provide consulting services under the parties' pre-existing agreements and also to provide certain additional consulting services free of charge. For its part, XL Global agreed to pay for all consulting services and expenses Oracle provided or incurred pursuant to the parties' pre-existing agreements.

39. Oracle performed all conditions, obligations, and covenants required of it under the agreement alleged in this count.

40. Despite Oracle's demands therefor, XL Global has failed and refused and continues to fail and refuse to pay the amounts due and unpaid under the agreement alleged in this count. Such refusal to pay constitutes breach of contract.

41. As a proximate result of XL Global's breach, Oracle has incurred damages of $544,345.35, the total amount due under the First Consulting Agreement and the Second Consulting Agreement, plus interest on such amount at the legal rate.

WHEREFORE, Oracle prays judgment as set forth below.

## SEVENTH COUNT

### (Promissory Estoppel)

42. Oracle incorporates by this reference paragraphs 1 through 14, inclusive, and realleges such paragraphs as though fully set forth herein.

43. In reliance on XL Global's promise to pay as alleged in Paragraph 30 and to its substantial detriment, Oracle delivered the services of consultants Kevin Campbell and James Poon through June, 2008 free of charge.

44. XL Global is accordingly estopped from denying its obligation to pay all outstanding invoices for consulting services and expenses, totaling $544,345.35.

WHEREFORE, Oracle prays judgment as follows:

1. For damages in the amount of $544,345.35 or such other amount according to proof at trial;

8

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; BOOK ACCOUNT; QUANTUM MERUIT; PROMISSORY FRAUD; AND PROMISSORY ESTOPPEL

      2.  For interest at the legal rate on all unpaid amounts from the time payment was due until the date of the judgment;

      3.  On the Fifth Count, for punitive damages in an amount to be determined by the trier of fact;

      4.  For costs of suit; and

      5.  For such other and further relief as the Court deems just and proper.

DATED:  February 5, 2009.

                                              ROBERT T. SULLWOLD
                                              JAMES A. HUGHES
                                              SULLWOLD & HUGHES

                                      By;  _____/S/_____
                                              JAMES A. HUGHES
                                              Attorneys for
                                              PLAINTIFF ORACLE USA, INC.

OF COUNSEL:

DEBORAH K. MILLER
JEFF S. ROSS

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; BOOK ACCOUNT; QUANTUM MERUIT; PROMISSORY FRAUD; AND PROMISSORY ESTOPPEL

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

      Pursuant to Civil L.R. 3-16, the undersigned certifies that Oracle Corporation, a publicly traded corporation, has a financial interest in Plaintiff Oracle USA, Inc.

DATED:  February 5, 2009                          ROBERT T. SULLWOLD
                                                                               JAMES A. HUGHES
                                                                               SULLWOLD & HUGHES

                                                         By:      /S/
                                                                       JAMES A. HUGHES
                                                                       Attorneys for
                                                          PLAINTIFF ORACLE USA, INC.

COMPLAINT FOR BREACH OF CONTRACT; ACCOUNT STATED; BOOK ACCOUNT; QUANTUM MERUIT; PROMISSORY FRAUD; AND PROMISSORY ESTOPPEL